United States District Court
Southern District of Texas
FILED

MAY 12 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
APR 09 1999
CHARLES R. FULBRUGE III
CLERK

No. 98-41024
Summary Calendar

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,

        Plaintiff-Appellee,

versus

RICHARD PONTIER, JR.,

        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas, Brownsville
USDC No. B-97-CV-194
- - - - - - - - - -

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

  Appellant Richard Pontier, Jr. appeals from an adverse summary judgment. The district court determined that Appellee had no duty to indemnify Pontier for the loss of a dwelling because of Pontier's willful failure to cooperate with an investigation as required by the cooperation clauses of two certificates of insurance issued by Appellee. Accordingly, the district court also dismissed Pontier's claim derived from such insurance certificates.



---

  [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our de novo review of the summary judgment leads us to the inescapable conclusion that the district court correctly granted summary judgment against Pontier. The summary judgment proof undisputably establishes that Pontier willfully and repeatedly refused to provide documentation necessary to a proper investigation of his claim. The fire marshal's report revealed that the insured dwelling was intentionally set afire by a person or persons unknown and that under said circumstances it is customary and usual for Appellee to conduct an investigation of the character and scope that it attempted in this case. Yet Pontier continually refused to provide the documentation, which he clearly understands that Appellee seeks and is pertinent to Appellee's investigation and determination of coverage. Appellant's claim that the clause is ambiguous, as well as his other claims, are devoid of merit.

The judgment of the district court is AFFIRMED.